■ In the Matter of DENISE BURFORD, Appellant, v WASHINGTON M. ALZAMORA, Respondent. [734 NYS2d 481] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Dutchess County (Amodeo, J.), entered August 25, 2000, as granted that branch of the father's motion which was to dismiss the petition, and (2) so much of an order of the same court, entered September 28, 2000, as granted that branch of the father's motion which was for an award of an attorney's fee in the sum of $2,500.

Ordered that the order entered August 25, 2000, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered September 28, 2000, is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and that branch of the father's motion which was for an attorney's fee in the sum of $2,500 is denied.

In support of a petition for a change of child custody, the petitioner is required to "make a sufficient evidentiary showing to warrant a hearing" (*Matter of Ann C. v Debra S.,* 221 AD2d 338; *see, Matter of Wolfer v Dame,* 207 AD2d 898; *David W. v Julia W.,* 158 AD2d 1). Here, the Supreme Court providently exercised its discretion in granting that branch of the father's motion which was to dismiss the mother's petition for sole custody of the child. The mother failed to make a sufficient ev-

identiary showing to warrant a hearing, particularly in view of the Family Court's familiarity with the history of the case, the Law Guardian's recommendation that it was in the best interests of the child to dismiss the petition, and the fact that mother had filed three petitions for similar relief previously (*see, Matter of Miller v Lee,* 225 AD2d 778; *Matter of Wolfer v Dame, supra*).

Under the circumstances of this case, the Family Court improvidently exercised its discretion in granting that branch of the father's motion which was for an award of an attorney's fee in the sum of $2,500 (*see,* Domestic Relations Law § 237 [b]). Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.